UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-11325-DOC-DFMx                    Date: March 2, 2021

Title: SOBA LIVING LLC ET AL V. CALIFORNIA PHYSICIANS SERVICE ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS [17]

Before the Court is Plaintiffs' Sobaliving LLC, et al. ("Plaintiffs") Motion to Remand and for Attorneys' Fees and Costs ("Motion") (Dkt. 17). Having reviewed the moving papers submitted by the parties, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Plaintiffs' request for attorneys' fees and costs.

**I.    Background**

   **A.    Facts**

The following facts are drawn from Plaintiffs' Complaint (Dkt. 1-2). Plaintiffs provide treatment services to individuals recovering from alcoholism and substance abuse. Compl. ¶ 10. These individuals were insured under health plans or health insurance policies administered by Defendants. *Id*. ¶ 11. Defendants issued these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 2

enrollees benefits documents, referred to as Evidence of Coverage ("EOC") or Insurance Policies, which provide that the insureds have coverage for out-of-network drug and alcoholism treatments like those provided by Plaintiffs. *Id*. ¶ 12-13.

Plaintiffs investigated the health coverage of Defendants' enrollees prior to providing treatment. *Id*. ¶ 15. Plaintiffs contacted Defendants to obtain verifications of benefits and authorization to treat the individuals. *Id*. Defendants consistently verified that the patients were enrolled and that the requested treatments were covered benefits. *Id*. ¶ 16. Defendants further confirmed, by telephone and other means, that they would reimburse Plaintiffs for the treatments provided, pursuant to the applicable EOC or Insurance Policy. *Id*.

Plaintiffs allege that Defendants intended to pay substantially less than what the benefits documents provided. *Id*. ¶ 23, 63-65. However, Defendants continued to represent to Plaintiffs that incoming patients had coverage for Plaintiffs' treatments. *Id*.

Plaintiffs treated many of Defendants' enrollees in reliance on Defendants' verifications, representations, and commitments to pay. *Id*. ¶ 18. However, Defendants continually failed to reimburse Plaintiffs the amounts they had previously committed to pay, often refusing to pay any amount. *Id*. ¶ 22-23.

In October 2019, Plaintiffs filed an action in California state court. Plaintiffs' Complaint includes only state law claims, including claims for breach of implied contract, breach of oral contract, promissory estoppel, open book account, intentional and negligent misrepresentation, and violation of the unfair competition law ("UCL"). Plaintiffs' claims are not based on representations made directly by Defendants to Plaintiffs rather than assignment of rights under an insurance plan.

**B.   Procedural History**

Plaintiffs originally filed suit in the Superior Court of California, County of Los Angeles, on October 8, 2019 (Dkt. 1). Plaintiffs bring the following causes of action:

(1) breach of oral contract;

(2) breach of implied contract;

(3) promissory estoppel;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 3

      (4) open book account;

      (5) intentional misrepresentation;

      (6) negligent misrepresentation; and

      (7) violation of the Unfair Competition Law, California Business and Professional Code sections 17200 *et seq.*

*See generally Compl.*

On December 19, 2019, Plaintiffs provided Defendants with a spreadsheet of each individual claim for reimbursement at issue in this dispute. Mot. at 3. Plaintiffs have not since added any new or additional claims. *Id*.

During a meet and confer on November 18, 2020, Defendants took the position that the complaint sought benefits under health plans governed by the Employee Retirement Income and Security Act of 1974 ("ERISA") and requested that Plaintiffs drop these claims. *Id*. On December 9, 2020, Plaintiffs responded that they would not drop the "purported ERISA claims". *Id*.

Defendants removed the action to this Court on December 15, 2020 ("Notice of Removal") (Dkt. 1). Plaintiffs filed a Motion to Remand (Dkt. 17) on January 14, 2021. Defendants filed their Opposition to the Motion (Dkt. 30) on February 1, 2021, and Plaintiffs filed a Reply brief (Dkt. 31) on February 8, 2021.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)

Case 2:20-cv-11325-DOC-DFM   Document 39   Filed 03/02/21   Page 4 of 9   Page ID #:2225

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 4

(emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to arise under federal law, "a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004)). Additionally, when "an area of state law has been completely pre-empted" by federal law, a purported state law claim "is considered, from its inception, a federal claim, and therefore arises under federal law" within the meaning of § 1331. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III. Discussion

### A. Timeliness of Removal

Plaintiffs assert that the Court should remand this suit because Defendants' removal was untimely. Mot. at 5. Specifically, Plaintiffs contend Defendants failed to remove the case to federal court within 30 days of Plaintiffs' complaint filed in October 2019. Mot. at 5. Defendants counter that the 30-day removal period only began to run upon Defendants' receipt of "paper from which it may first be ascertained that the case is … removable," and that Defendants were unaware Plaintiffs' complaint involved ERISA-governed health plans until December 9, 2020. Opp'n. at 3-4.

Section 1446(b) creates two thirty-day windows for removing a case from state court. 28 U.S.C. § 1446. When the presence of federal jurisdiction is clear on the face of the complaint, defendants must file a notice of removal within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). When the complaint does not set forth grounds

Case 2:20-cv-11325-DOC-DFM   Document 39   Filed 03/02/21   Page 5 of 9   Page ID #:2226

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 5

for federal jurisdiction, defendants must file their notice of removal within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case ... is or has become removable." 28 U.S.C. § 1446(b)(3). The Ninth Circuit has explained: "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Thus, if the pleading or the paper is indeterminate as to removability, a defendant has no duty to inquire further. *Id*.

Here, the removal time limit was triggered upon Defendants' receipt of paper from which it was clear that the case is removable. *See Mattel v. Bryant*, 441 F. Supp. 2d 1081, 1090 (C.D. Cal. 2005). "Correspondence between counsel qualifies as an 'other paper' from which removability can be ascertained." 28 U.S.C. § 1446(b)(3). Defendants were under no duty to investigate the facts that could support removal. *See Jong v. Gen. Motors Corp.*, 359. F. Supp. 223, 224, 226 (N.D. Cal. 1973). Because it was not unequivocally clear to Defendants until the meet and confer on December 9, 2020 that Plaintiffs' complaint involved ERISA-governed health plans, and Defendants removed less than 30 days later, the removal was timely and in compliance with 28 U.S.C. § 1446(b)(3); *See Mattel*, 441 F. Supp. 2d at 1090 (removal time limit is "triggered only when the information supporting removal is unequivocally clear and certain").

### B. Subject Matter Jurisdiction

Plaintiffs assert that the matters should be remanded because this Court lacks subject matter jurisdiction over the claims at issue. Mot. at 8. Defendants contend that Plaintiffs' state law causes of action are preempted by ERISA, giving rise to federal question jurisdiction. Opp'n. at 7.

"A party seeking removal based on federal question jurisdiction must show . . . that the state-law causes of action are completely preempted by § 502(a) of ERISA." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). The Ninth Circuit uses a two-part test to determine whether ERISA's complete preemption provisions apply. *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107-1108 (9th Cir. 2011). Under this test, "a state law cause of action is completely preempted if (1) an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B) and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Marin*, 581 F.3d at 946, citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). "A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Id*. at 947.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 6

*Marin* is instructive. In that case, a hospital allegedly phoned the administrator of an ERISA plan to confirm a prospective patient had insurance. *Marin*, 581 F.3d at 943. The hospital claimed the administrator orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses. *Id*. When the hospital billed the plan for the services, the plan only partially paid. *Id*. The hospital then filed suit in California state court alleging breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. *Id*. The defendant removed the suit to federal court on the ground that ERISA completely preempted the hospital's claims, and the hospital moved to remand. *Id*.

### i. Davila's First Prong

Applying *Davila*, the Ninth Circuit held that the hospital's state-law claims had not been completely preempted, making removal improper. *Marin*, 581 F.3d at 943. In so holding, the Ninth Circuit found that the first prong of *Davila* was not satisfied, as the hospital's claims could not have been brought under § 502(a)(1)(B) of ERISA. *Id.* at 947. The Circuit reasoned that because the hospital was alleging it was owed additional payments under a contract formed between itself and the administrator, it was not a breach that their patients could assert through the ERISA plans. *See id.* at 948. In contrast with *Davila*, where the patients complained "only about denials of coverage promised under the terms of [their] ERISA-regulated employee benefit plans," *Davila*, 542 U.S. at 211, the hospital in *Marin* was complaining about a denial of payment promised under the terms of *its own* non-ERISA agreement with the administrator. *Marin*, 581 F. 3d at 947.

Similarly, here, Plaintiffs do not claim they are owed additional payments from Defendants based on the patients' ERISA plans. *See generally Compl*.; *see also* Mot. at 8. Instead, Plaintiffs claim that they are owed money under an alleged separate contract formed between themselves and Defendants. *See generally Compl*. This is the same situation as *Marin*, where patients could not assert this claim as "the patients simply are not parties to the provider agreements between the [hospital] and Blue Cross. *Marin*, 581 F.3d at 948 (internal quotation marks and citation omitted). Because the patients themselves could not bring this claim under ERISA, neither could Plaintiff as an assignee of the patients' rights*. See Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999) ("[P]rovider-assignee stands in the shoes of the beneficiary, [and hence] has standing to sue under § 502(a)(1)(B) to recover benefits due under the plan.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 7

Defendants argue that because Plaintiffs could have sought additional payments as an assignee of benefits under the ERISA plans, the first *Davila* prong is satisfied. Opp'n. at 8. However, the *Marin* court rejected this same argument. *See Marin*, 581 F.3d at 948-49. The Ninth Circuit found that, while the hospital may have had a claim under ERISA, that did not preclude it from bringing "some other suit against Blue Cross based on some other legal obligation." *Id.* at 948. Such is the case here.

Plaintiffs pled a breach of contract claim arising from interactions between themselves and Defendants. *See Compl.* ¶¶ 16, 23, 63-65. As in *Marin*, Plaintiffs are not suing based on assignment from the patients of their rights under ERISA, but rather based on their own right pursuant to an independent obligation. Mot. at 9. Thus, Plaintiffs' "state-law claims based on its alleged [contract] were not brought, and could not have been brought, under § 502(a)(1)(B)," and the first prong of *Davila* is not satisfied. *Marin*, 581 F.3d at 949.

### i. Davila's Second Prong

The Ninth Circuit in *Marin* also found the second *Davila* prong was not met because the alleged contract imposed an independent legal duty on the defendants to pay the hospital. *Marin*, 581 F.3d at 949. The Circuit noted that the state-law claims were not based on an obligation under an ERISA plan and would exist regardless of the plans. *Id.* at 950. As such, they were based on independent legal duties within the meaning of *Davila*. *Id.*

Similar to *Marin*, Plaintiffs have alleged a contract was formed between themselves and Defendants. Compl. ¶¶ 16, 23, 63-65. Such a contract would create a claim for payment from Defendants regardless of the ERISA plans. Defendants attempt to distinguish *Marin* by arguing that the claims administrators in *Marin*, unlike here, agreed to pay a specific amount. Opp'n. at 11. Thus, Defendants contend Plaintiffs' causes of action seek payment "solely because it allegedly is provided for by the ERISA health plans, and Soba does not seek anything more". *Id*. But lack of an agreement to pay a specific amount does not mean Plaintiffs' only claim for payment is under the ERISA plans. *See San Joaquin Gen. Hosp. v. United Healthcare Ins. Co.*, No. 216CV01904KJMEFB, 2017 WL 1093835, at *3 (E.D. Cal. Mar. 23, 2017) (denying defendant's motion to dismiss plaintiff's oral and implied-in-fact contract claims despite lack of agreement on price because the court can fill in such a gap). Plaintiffs allege they are entitled to reimbursement from Defendants because of an implied-in-fact contract and oral contract, not because the ERISA plans so require. *See generally Compl*. Because Plaintiffs' state-law claims do not derive from an obligation under ERISA, they are based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date: March 2, 2021
Page 8

on independent legal duties within the meaning of *Davila*. *See Marin*, 581 F.3d at 950. Therefore, the second prong of *Davila* is not satisfied.

Consequently, because Plaintiffs' state-law claims could not have been brought under ERISA § 502(a)(1)(B), and are based on independent legal duties, they are not completely preempted. *See Davila*, 542 U.S. at 210. Accordingly, removal was improper, and the Court hereby REMANDS this action to the state court.

### IV.   Costs and Fees

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

The Court declines to award attorneys' fees because, while not successful, it was not objectively unreasonable for Defendants to anticipate that ERISA-governed policies might warrant removal.

### V.   Disposition

For the reasons set forth above, the Court REMANDS this action to the Superior Court of California, County of Los Angeles, and DENIES Plaintiffs' request for attorneys' fees and costs.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                 Initials of Deputy Clerk: kd

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Date: March 2, 2021
Page 9

CIVIL-GEN